IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20178
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ENRIQUE RUIZ-LOPEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-689-ALL
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Enrique Ruiz-Lopez ("Ruiz") appeals his guilty-plea

conviction for illegal reentry, in violation of 8 U.S.C. § 1326,

and resulting 24-month sentence.  He renews his argument that his

prior felony conviction for possession of a controlled substance

did not merit the eight-level adjustment under U.S.S.G.

§ 2L1.2(b)(1)(C) for an aggravated felony and that he should

have received only the four-level adjustment provided in

§ 2L1.2(b)(1)(D) for "any other felony."  Ruiz's arguments

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

regarding the definitions of "drug trafficking offense" and "aggravated felony" were recently foreclosed by United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002). The district court thus did not err in assessing an eight-level adjustment, pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Id.

Ruiz also argues, for the first time on appeal, that 8 U.S.C. § 1326(b)(2) is unconstitutional because it treats a prior conviction for an aggravated felony as a mere sentencing factor and not an element of the offense. He concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).

The district court's judgment is AFFIRMED.